UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OSCAR GOMEZ, JR.<br><br>Petitioner,<br><br>v.<br><br>RONALD OLIVER, et al.,<br><br>Respondents. | Case No. 2:24-cv-00180-GMN-MDC<br><br>ORDER |

Petitioner, Oscar Gomez, Jr., has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1.  The petition was prepared by Gomez's state post-conviction counsel, who has filed a motion asking to withdraw as counsel and for the court to appoint new counsel. ECF No. 2.  For reasons that follow, the petition is dismissed with leave to amend.  Counsel's motion for appointment of new counsel is denied without prejudice.

Having reviewed the petition under Habeas Rule 4, the court concludes that it fails to meet the pleading standards for a federal habeas proceeding.  A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (citing Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254).  The petition must instead contain particularized facts entitling the petitioner to relief for each ground specified, with the factual portions of the petition sufficiently detailed to enable the district court

to determine, from the face of the petition alone, whether the petition merits further review. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir.1990).

Gomez's petition contains nine "grounds" for relief. ECF No. 1 at 3. Each of the grounds consists of a single phrase or sentence. With the exception of a claim alleging that trial counsel was ineffective in failing to investigate and ask for pretrial hearings (Ground F), none of the grounds include any factual support. And, while Ground F refers to "a video of the scene, a percipient eyewitness who was not interviewed, and two motions with respect to the shell casing and the photo line-up," it is otherwise devoid of any information that would assist the court in determining whether the petition merits further review.

Counsel also appears to be under the mistaken belief that filing this pleading will prevent Gomez's habeas claims from being ruled untimely. In a footnote, he states that he "is filing this shell petition on Oscar's behalf in order to meet the timeliness requirement for 2254s [sic]." (ECF No. 1 at 1 n. 1.) Counsel is advised that the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). Applying Federal Rule of Civil Procedure 15(c)(1)(B) in the habeas context, the Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. *Mayle*, 545 U.S. at 663–64. Here, there are no claims in the original petition containing operative facts to which future claims could relate back.

The court is also unable to grant counsel's motion for new counsel. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court may appoint counsel to a "financially eligible person" seeking federal habeas relief when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Based on the current petition, the court lacks the information necessary to determine whether the interests of justice call for appointment of counsel. Also, without an application to proceed *in forma pauperis* or any other verification of Gomez's resources, the court is unable to determine if he is financially eligible for appointment of counsel. Thus, counsel's motion for the appointment of counsel will be denied without prejudice.

IT IS THEREFORE ORDERED that Gomez's petition for writ of habeas corpus (ECF No. 1) is DENIED with leave to amend. Gomez has 30 days from the date this order is entered to file with the court an amended petition which corrects the deficiencies identified in this order. Gomez shall include in that amended petition any additional claims for habeas corpus relief of which he is aware.

IT FURTHER ORDERED that if Gomez fails to respond to this order in the time and manner provided above, the court shall conclude that he does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

IT FURTHER ORDERED that the motion to withdraw and for appointment of counsel (ECF No. 2) is DENIED without prejudice.

DATED THIS  9   day of February, 2024.

_____
Gloria M. Navarro
United States District Judge